```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

WILLIAM J. BLASI,

                Plaintiff,
                                            ORDER
        -against-
                                            CV 00-5320 (RRM)(MDG)
THE NEW YORK CITY BOARD OF
EDUCATION, et al.,

                Defendants.

- - - - - - - - - - - - - - - - - - X

WILLIAM J. BLASI,

                Plaintiff,

        -against-
                                            CV 03-3836 (RJD)(MDG)
THE NEW YORK CITY BOARD OF
EDUCATION, et al.,

                Defendants.

- - - - - - - - - - - - - - - - - - X
```

By letter dated July 2, 2008, plaintiff pro se, William J. Blasi, requests a further extension of time to July 3, 2008 to file his opposition to defendants' motion for summary judgment in these two consolidated actions. As Assistant Corporation Counsel Daniel Chiu accurately notes in his opposing letter dated July 3, 2008, this is not only Mr. Blasi's fourth request for an extension to file opposition papers served on October 15, 2007, but plaintiff's second request made after the deadline to file his opposition had passed. See ct. doc. 154 at 1. In granting

Mr. Blasi's last request for an extension to June 2, 2008, I noted in an endorsed order dated May 14, 2008 that this would be the final extension granted. In fact, this Court did receive Mr. Blasi's opposition papers on July 3, 2008.

In light of the "strong public policy" in favor of olving disputes on the merits, it makes little sense not to grant what indeed will be the final extension to plaintiff. <u>Cf.</u> <u>Pecarsky v. Galaxiworld.com Ltd.</u>, 249 F.3d 167, 171 (2d Cir. 2001). This Court reaches this conclusion notwithstanding plaintiff's inadequate explanation why he did not complete is opposition papers by the last deadline set.[1] Since defendants waited one month after the deadline for plaintiff's opposition had passed before filing their motion papers, this Court is not persuaded by counsel's complaints that his ability to respond will be compromised. Any prejudice can be address by providing sufficient time to provide a reply. Mr. Chiu requests 30 days to file his reply papers and this request is granted. Any reply papers must be filed by August 4, 2008.

---

[1] Whether this application is analyzed under Rule 6(b) of the Federal Rules of Civil Procedure or Rule 16(b), the moving party is required to show "good cause" for an extension. Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect"); Fed. R. Civ. P. 16(b) ("A schedul[ing order] may be modified only for good cause and with the judge's consent.") Mr. Blasi's attempt to point to the enormity of his task as a ground for an extension is belied by his statement in his prior request for an extension to June 2, 2008 that he had "now had a chance to realistically view what the opposition entails..." Ct. doc. 147 at 2.

Defendants request that if the Court permits the plaintiff to file untimely opposition papers, the Court should deem all material facts set forth in defendants' Local Civil Rule 56.1 statement admitted by plaintiff. Ct. doc. 154 at 2. This request is granted, to the extent that the defendants' statements are properly supported. This Court notes that the plaintiff did not provide a counter-statement of material facts in the opposition papers that this Court received despite having been served by defendants with the notice required by Local Civil Rule 56.2 as to plaintiff's obligations to comply with both Rule 56 of the Federal Rules and Local Civil Rule 56.1. <u>See</u> ct. doc. 148. Plaintiff is not granted any further time to respond.

**SO ORDERED.**

Dated:   Brooklyn, New York
         July 3, 2008

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE