UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WILLIAM J. BLASI,

              Plaintiff,

   - against -

NEW YORK CITY BOARD OF EDUCATION; HAROLD
LEVY, in his official capacity as Chancellor of the New York
City Board of Education; SUSAN FRIEDMAN, individually
and in her official capacity as Principal at Sheepshead Bay
High School; ELAINE FARRAN, individually and in her
official capacity as Assistant Principal of Social Studies of
Sheepshead Bay High School; JOYCE COPPIN, individually
and in her official capacity as Superintendent of Brooklyn
High Schools; and the CITY OF NEW YORK,

              Defendants.

------------------------------------------------------------------------X
WILLIAM J. BLASI,

              Plaintiff,

   - against -

NEW YORK CITY BOARD OF EDUCATION also known
as New York City Department of Education; JOEL KLEIN, in
his official capacity as Chancellor of the New York City
Board of Education; SUSAN FRIEDMAN,  individually
(former Principal at Sheepshead Bay High School); JOYCE
COPPIN, individually (former Superintendent of Brooklyn
High Schools and currently Chief Executive of the Division
of Human Resources at the NYC Board of Education); LYNN
OLSEN PAGANO, individually (former Interim Principal at
Intermediate School 223); DENNISA TORRES, individually
(Staff Attorney in the Administrative Trial Unit in the Office
of Legal Services of the New York City Board of Education);
and the CITY OF NEW YORK,

              Defendants.

------------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

**MEMORANDUM AND ORDER**

00-CV-5320

03-CV-3836

Plaintiff *pro se* William J. Blasi brings these two consolidated actions claiming, *inter alia*, that the captioned defendants discriminated against him as a white Christian male with respect to his employment as a social studies teacher in the New York City public school system. Plaintiff brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; 42 U.S.C. §§ 1981, 1983, 1985, and 1986; the New York State Human Rights Law ("NYSHRL"); the First, Fifth, and Fourteenth Amendments to the United States Constitution; and Article I, § 6 of the New York State Constitution; as well as a claim for breach of contract.

Defendants collectively moved for summary judgment on all claims. (Doc. No. 149.)[1] After an extended briefing schedule, this Court referred the motion to the Honorable Magistrate Judge Marilyn D. Go. Now before the court are Judge Go's lengthy and detailed Report and Recommendation ("R&R") (Doc. No. 163), plaintiff's objections thereto ("Obj.") (Doc. No. 165), and defendants' response ("Resp.") (Doc. No. 167).

Judge Go recommended that this Court grant defendants' motion for summary judgment on each of plaintiff's claims. For the reasons that follow and those in the R&R, the Court adopts Judge Go's recommendation. In the interest of brevity, the Court will not repeat the factual and procedural background of plaintiff's complaints but will simply refer the parties to the R&R, which accurately recites the undisputed facts and favorable inferences underlying plaintiff's suits. (*See* R&R at 3–13.)

## STANDARD OF REVIEW

When reviewing a magistrate's Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court must make a *de novo* determination to the extent

---

[1] Except where otherwise noted, all document numbers are taken from the indexing in case number 00-CV-5320.

that a party makes specific objections to a magistrate's findings. *Id.*; *see United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Objections must be specific and clearly aimed at particular findings in the magistrate's proposal. *See Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992). When a party makes conclusory or general objections, or simply reiterates the original arguments, the Court will review the report only for clear error. *See, e.g.*, *Frankel v. City of New York*, No. 06 Civ. 5450, 2009 U.S. Dist. LEXIS 14864, at *4 (S.D.N.Y. Feb. 25, 2009); *Camardo*, 806 F. Supp. at 382. Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review . . . ." *Vega v. Artuz*, No. 97 Civ. 3775, 2002 U.S. Dist. LEXIS 18270, at *3 (S.D.N.Y. Sept. 30, 2002).[2] Although "[t]he objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest,'" nevertheless "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (citations omitted).[3]

---

[2] While some of plaintiff's objections call only for clear error review, this Court finds that the objections have no merit, even if reviewed *de novo*, which this Court has done.

[3] P*ro se* litigants are generally afforded a liberal construction of pleadings and motion papers, leniency in the enforcement of procedural rules, and deliberate efforts to ensure that they understand what is required of them. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (collecting cases). Courts are instructed to be particularly solicitous of *pro se* litigants who assert civil rights claims. *Id.* at 102 (citing *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003)). Where the *pro se* litigant is a lawyer, however, courts may partially or fully withdraw his special status if his legal training and experience suggest that he is unlikely to inadvertently forfeit important rights. *Id*. at 103.

In this case, plaintiff practiced law for ten years and had seven years of trial experience, but was later suspended from practice. (R&R at 18 n.5.) Plaintiff has emphasized to this Court his lack of experience in federal court, (*see* Obj. at 8–9 ("Plaintiff never would have practiced federal law because it is too complex.")), and with summary judgment motions, (*see* Order of May 15, 2008 (Doc. No. 147) ("My only civil experience in summary judgment opposition was about 5 NY court slip an [sic] fall cases back in the 1980s, and an opposition in a defamation/adverse possession case in 1994.").) Given plaintiff's professed unfamiliarity with federal practice, and out of an abundance

## ANALYSIS

The Court has reviewed the parties' respective submissions in connection with the defendants' motion, as well as the R&R, applicable law, plaintiff's objections, and defendants' response. Having reviewed *de novo* all portions of the R&R to which plaintiff specifically objects, and having reviewed the remainder of the R&R for clear error, the Court finds no basis for departing from Judge Go's recommendation that defendants be granted summary judgment on all claims.

Plaintiff challenges Judge Go's findings that he (A) is collaterally estopped from raising certain due process claims previously adjudicated in state court; (B) failed to establish a *prima facie* case of racial, gender, or religious discrimination regarding his termination from Sheepshead Bay High School ("Sheepshead Bay"); and (C) failed to establish a claim of discrimination regarding the refusal of the Department of Education ("DOE") to hire him again after his termination. As set forth below, plaintiff's objections are unavailing.

### A. Due Process Claim

Judge Go concluded that plaintiff's 2002–2005 adjudication of his equal protection and due process claims in a state proceeding under Article 78 of New York's Civil Practice Law and

---

of caution, this Court has generally afforded him the full benefit of his *pro se* status and has read his objections to "raise the strongest arguments they suggest." *DiPilato*, 662 F. Supp. 2d at 340.

However, the Court finds no error in Judge Go's reasoned decision to deem plaintiff to have admitted those material facts set forth in defendants' Local Civil Rule 56.1 statement that were properly supported by admissible evidence. (*See* Order of July 3, 2008 (Doc. No. 155)); *Gasden v. Jones Lang Lasalle Ams., Inc.*, 210 F. Supp. 2d 430, 438 (S.D.N.Y. 2002). Despite being granted four extensions of time, plaintiff's opposition filing was still filed after the court's deadline. More importantly, although defendants served plaintiff with a notice of his obligations to comply with Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1 over seven months before his opposition filing, plaintiff failed to provide the court with a counter-statement of material facts. Plaintiff's legal experience surely established the importance of filing deadlines, and plaintiff was on clear notice of the requirements of Local Civil Rule 56.1. Accordingly, Judge Go fairly exercised her discretion in declining to excuse plaintiff's failure to obey those rules with which he was particularly familiar. *See Tracy*, 623 F.3d at 102–03. Of course, on summary judgment, admissions are still viewed in the light most favorable to the non-moving party. Fed. R. Civ. P. 56(c).

Rules ("Article 78") now bars him from bringing those claims in this court. (R&R at 17–19.) Plaintiff objects to this finding. (Obj. at 11–14.)

Plaintiff's teaching licenses and certificates were terminated after a hearing held pursuant to Chancellor Regulation C-31. (R&R at 10–11; *see* Chiu Dec., Ex. FF.) In a subsequent Article 78 petition, plaintiff alleged *inter alia* that the hearing and termination violated his equal protection and due process rights. (R&R at 11; *see* Chiu. Dec. (Doc. No. 15) Ex. D.) The New York Supreme Court denied that petition on September 27, 2005. (R&R at 11, 17–18; *see* Chiu Dec. Ex. F.) Plaintiff does not contest that the equal protection and due process claims he now raises are the same as those raised in his Article 78 petition. (*See* 03-CV-3836 Comp. ¶ 49; Chiu. Dec., Ex. D., ¶¶ 3, 25, 51.) Plaintiff also does not challenge Judge Go's recommendation with respect to his equal protection claim, but objects only as to his due process claim.

Under 28 U.S.C. § 1738, a federal court must give preclusive effect to a state court judgment whenever the courts of that state would do so. *See Ferris v. Cuevas*, 118 F.3d 122, 125–26 (2d Cir. 1997). Accordingly, New York law governs the preclusive effect of plaintiff's Article 78 judgment. Under New York law, collateral estoppel (alternatively "issue preclusion") bars consideration of an issue when "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 94 (2d Cir. 2005) (citation and internal quotation marks omitted); *accord Hill v. Coca Cola Bottling Co. of N.Y.*, 786 F.2d 550, 552–53 (2d Cir. 1986) (citing *Ryan v. N.Y. Tel. Co.*, 62 N.Y.2d 494, 500–01 (1984)). The denial of a fourteenth amendment claim in an Article 78 proceeding can collaterally estop a federal plaintiff from later raising the same claim. *See Dolan v. Roth*, 170 Fed. App'x 743, 746 (2d Cir. 2006).

Plaintiff does not disagree that his due process claim was decided at the Article 78 proceeding (*see* R&R at 17–18), but argues that the proceeding's "arbitrary and capricious" standard of review was "far too low of a standard for the federal court to acknowledge as being sufficient to provide someone adequate due process when faced with a Stigma Plus Corporal Punishment finding which precludes employment in teaching." (Obj. at 12.) Plaintiff misrepresents the Article 78 court's decision. Although that court did conclude that the Chancellor's termination of plaintiff's teaching licenses and certificates was not "arbitrary and capricious," (*see* Chiu Dec. (Doc. No. 153) Ex. F, at 16–17, 20), the court did not apply that same standard to plaintiff's due process claims, but rather reviewed each claim thoroughly and denied each on the merits. (*Id.* at 11–16; *see, e.g., id.* at 12 ("No due process violation is demonstrated on these facts."))

Plaintiff presented this same erroneous argument to Judge Go (*see* Mem. Law Opp. Summ. J. (Doc. No. 156) at 16–17), conflating the standard of review applied by the Article 78 court in reviewing his challenge to the termination with that applied to his due process claims. Because plaintiff merely rehashes the same arguments set forth in the original papers, this Court may review Judge Go's analysis for clear error. *See Vega*, 2002 U.S. Dist. LEXIS 18270, at *3. However, even if reviewed *de novo*, as this Court has done, plaintiff is collaterally estopped from asserting his due process claims for the reasons properly set forth in the magistrate judge's R&R.

In any event, Judge Go additionally concluded that plaintiff's equal protection and due process claims lacked merit. (*See* R&R at 21–27.) Plaintiff's objections to these findings merely repeat the arguments he already presented that the C-31 hearing was a "rubber stamp." Again, reviewing the R&R *de novo*, the Court finds no error in Judge Go's determination that even if plaintiff could establish a stigma-plus claim, "the availability of an adequate, reasonably prompt,

6

post-termination name-clearing hearing is sufficient to defeat a stigma-plus claim" and that the procedures available at plaintiff's C-31 hearing were "adequate to protect [his] reputational and professional interests." *Segal v. City of New York*, 459 F.3d 207, 214 (2d Cir. 2006); (*see* R&R at 19–27); *see also Behrend v. Klein*, Nos. 04-CV-5413, 5414 (NGG)(CLP), 2010 U.S. Dist. LEXIS 15364, at *22 (E.D.N.Y. Feb. 22, 2010) (dismissing stigma-plus due process claims because "[e]ven accepting as true all of Plaintiffs' alleged deficiencies in the C-31 proceedings . . . [t]he availability of state proceedings under Article 78 . . . constitutes sufficient post-deprivation process.").

Defendants are entitled to summary judgment on plaintiff's equal protection and due process claims.

**B. Discriminatory Termination**

Judge Go determined as a matter of law that certain teachers who received "satisfactory" ratings even after negative classroom observations were not so "similarly situated" to plaintiff as to infer a discriminatory intent behind plaintiff's termination for "unsatisfactory" performance. Plaintiff challenges this conclusion. (*See* Obj. at 3, 9–10.)

Under the familiar "burden-shifting" framework set forth for Title VII cases by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to establish a *prima facie* case of discrimination a plaintiff must demonstrate that (1) he belongs to a protected class, (2) he was qualified to perform the duties of the job at issue, (3) he suffered an adverse employment action, and (4) the action occurred under circumstances giving rise to an inference of discriminatory intent. *Holcomb v. Iona Coll.*, 521 F.3d 130, 138 (2d Cir. 2008). If a plaintiff presents a *prima facie* case, the burden shifts to defendant to articulate some legitimate, nondiscriminatory reason for the adverse employment action. *Id.* (citing *McDonnell Douglas*,

7

411 U.S. at 802). Should a defendant meet this burden, a plaintiff may still prevail by showing, without the presumption raised by the *prima facie* case, that the employer's determination was in fact the result of discrimination. *Id.* "'[T]o defeat summary judgment . . . the plaintiff's admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination.'" *Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004) (quoting *Stern v. Trs. of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1997)).

Judge Go found that plaintiff failed to establish a *prima facie* case of racial, gender, or religious discrimination regarding his termination from Sheepshead Bay. (R&R at 33–42.) Judge Go also noted that, even if plaintiff had established a *prima facie* case, defendants had established a legitimate reason for his termination—unsatisfactory performance—which plaintiff had not rebutted here or at his Article 78 hearing. (*Id.* at 43–47.) Judge Go further found that no rational factfinder could infer pretext from the evidence in the case, including the statistical evidence cited by plaintiff himself. (*Id.* at 47–52.)

Plaintiff objects to certain factual findings at the *prima facie* stage of analysis, from which Judge Go concluded that no reasonable jury could infer discriminatory intent. But even if *arguendo* plaintiff could establish a *prima facie* case of discrimination, he makes no objections to Judge Go's thorough pretext analysis, including the uncontroverted evidence that three of the four social studies teachers hired at Sheepshead Bay in the three months following plaintiff's termination were white males, and that two were white Christian males, or to the fact that plaintiff "has not proffered any competent evidence that suggests the defendants' treatment of him was based on his race, gender, or religion." (*Id.* at 43–51 (citing *Grillo v. N.Y. City Transit Auth.*, 291 F.3d 231, 234 (2d Cir. 2002); *Lizardo v. Denny's, Inc.*, 270 F.3d 94, 104 (2d Cir.

8

2001)).) Plaintiff does not offer any clear, specific objections to this aspect of the magistrate judge's R&R. Again, while clear error review is applicable, the Court has reviewed *de novo* Judge Go's pretext analysis and concurs with her reasoning and her determination that

> [g]iven the scanty evidence of discriminatory intent offered by plaintiff in his *prima facie* case, the contrary evidence that teachers who were not white Christian males were also terminated for poor performance, the statistics on the number of white, Christian and male teachers hired at Sheepshead Bay High School during the period surrounding plaintiff's termination, that there was a basis for plaintiff's unsatisfactory ratings and the lack of direct evidence of discriminatory motive, plaintiff has not raised any triable issues to show that his termination was pretextual.

(R&R at 52.) Defendants are thus entitled to summary judgment on these claims.

**C. Failure-to-Hire**

Plaintiff also challenges Judge Go's conclusion that he failed to establish a claim of racial, gender, or religious discrimination regarding the Department of Education's failure to hire him after his termination from Sheepshead Bay. (Obj. at 3–7.)

Plaintiff's failure-to-hire claims are subject to the *McDonnell Douglas* burden shifting analysis. 411 U.S. at 802. Plaintiff attempts to infer discriminatory intent from the fact that, although he remained certified to teach middle school after his removal from Sheepshead Bay for poor performance, the DOE passed him over repeatedly in favor of non-white, non-Christian, or female teachers. (*See* R&R at 53–55.) Yet, as Judge Go properly recognized, plaintiff's past negative evaluations would distinguish him from these other candidates, unless he could show that they too carried negative evaluations. Judge Go also reviewed the statistical evidence of record, and determined that those schools that did not hire plaintiff nevertheless hired several other white male teachers, both certified and uncertified. (*Id.* at 53–58.) Accordingly, Judge Go concluded that no rational factfinder could infer discriminatory intent from the evidence in the case.

9

Upon *de novo* review, this Court wholly agrees with the conclusion and analysis of the magistrate judge that plaintiff failed to establish a *prima facie* case of discrimination. After plaintiff's termination, the DOE was plainly aware of his poor teaching performance, unexcused absences, and unprofessional conduct. Plaintiff has not proffered any evidence, statistical or otherwise, to suggest, let alone meet his burden on summary judgment, that any applicant hired instead of him carried negative performance evaluations from the DOE or from any other employer. (*See* R&R at 54, 59.) Judge Go thus properly concluded that plaintiff never identified a "similarly situated" candidate from which a rational factfinder could draw an inference of discrimination. While the question of "[w]hether two employees are similarly situated ordinarily presents a question of fact for the jury," *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000), "[t]his rule is not absolute," and "a court can properly grant summary judgment where it is clear that no reasonable jury could find the similarly situated prong met." *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 n.2 (citing *Cruz v. Coach Stores*, 202 F.3d 560, 568 (2d Cir. 2000)). Because plaintiff identified no similarly-disciplined applicants outside his protected classes to which a jury could compare him, and otherwise failed to establish a *prima facie* claim of discrimination, summary judgment is appropriate. *See Wagner v. County of Nassau*, No. 07–CV–4042 (JFB)(ARL), 2009 U.S. Dist. LEXIS 78139, at *28–29 (E.D.N.Y. Aug. 28, 2009) (granting summary judgment on plaintiff's discriminatory hiring claim where plaintiff had negative recommendations from former employer, and provided no evidence suggesting that either of the two individuals hired for the position she sought had any such negative recommendations); *Santiago v. City of New York*, No. 05–CV–3668 (RRM)(VVP), 2009 U.S. Dist. LEXIS 30371, at *31–32 (E.D.N.Y. Mar. 31, 2009) (granting summary judgment where plaintiff, an applicant for promotion, had history of job absences and was therefore not similarly

situated to applicants without record of absenteeism); *Baluta v. Hicksville Union Free Sch. Dist.*, No. 94–CV–1871 FB, 2000 U.S. Dist. LEXIS 3972, at *22–23 (E.D.N.Y. Mar. 15, 2000) (granting summary judgment where female applicant, hired before male plaintiff, had no negative performance reviews in her personnel file, while plaintiff did); *see also Tanner v. Entergy Ark.*, No. 4:08-CV-00099 BSM, 2009 U.S. Dist. LEXIS 57402, at *10–11 (granting summary judgment on failure to hire claim where no record evidence disputed defendant's statements that he declined to hire plaintiff based on plaintiff's past poor work performance as a subcontractor for defendant).

Moreover, Judge Go further concluded, and this Court agrees, that plaintiff provided no evidence from which a rational fact-finder could infer that the DOE's explanation for its refusal to hire plaintiff was pretext. (*See* R&R at 59–60.) Although plaintiff provided a list of white teachers whom the DOE did not hire until at least one semester after certification, plaintiff never showed that these teachers did not decline teaching offers from the DOE in the interim, like offers to teach at less desirable schools. (*Id.* at 60.) Despite plaintiff's objections, the evidence supports no reasonable inference that the DOE deliberately delayed the hiring of white teachers. This Court thus affirms Judge Go's additional conclusion that, even if plaintiff could establish a *prima facie* case of racial, gender, or religious discrimination regarding the DOE's refusal to hire him, defendants would still be entitled to summary judgment on these claims.[4]

---

[4] Plaintiff also objects that he "should be given the adverse inference ruling" with respect to the DOE's alleged spoliation of documents relating to the makeup of its applicant pool during this period. (Obj. at 7.) In fact, Judge Go stated that even if plaintiff were entitled to such a ruling, he provided no evidence, circumstantial or otherwise, from which to infer that the destroyed evidence would have supported his claims. (R&R at 62 (citing *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107–10 (2d Cir. 2002); *Byrnie v. Town of Cromwell Bd. of Educ.*, 243 F.3d 93, 108–10 (2d Cir. 2001)).) Upon *de novo* review of this aspect of Judge Go's conclusion, the Count agrees with her reasoning and determination that, in this case, "an adverse inference would not help plaintiff survive summary judgment in the absence of any other evidence suggesting discrimination." (*Id.* (citing *Kronisch v. United States*, 150 F.3d 112, 128 (2d Cir. 1998)).)

**D. Remaining Objections**

Plaintiff's remaining objections, including those regarding his retaliation and first amendment claims, merely restate arguments already properly addressed by Judge Go. Reviewing them for clear error reveals none; reviewing them *de novo*, the Court finds they are wholly without merit for the reasons set forth by the magistrate judge.

## CONCLUSION

For the reasons set forth above and in the detailed and well-reasoned R&R, the Court adopts the R&R in its entirety. Defendants' motion for summary judgment is granted as to all of plaintiff's claims as against all defendants, and both of plaintiff's captioned complaints are dismissed. Judgment shall enter accordingly, and the Clerk of Court shall close this case. The Clerk is also directed to mail a copy of this Memorandum and Order to plaintiff.

SO ORDERED.

Dated: Brooklyn, New York
      August 10, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

.